**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-533C
(Filed: September 26, 2016)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JEMILL CHARMAINE BANTUM, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**

SEP 2 6 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss the Complaint. For the reasons stated below, Defendant's motion is granted.

### Background

    Plaintiffs pro se Jemill Charmaine Bantum, et al., are residents of Philadelphia County in the Commonwealth of Pennsylvania. Compl. 1-4. Plaintiffs allege that the Commonwealth, and a number of commonwealth government entities, banks, and individuals violated their state and federal civil rights and have taken their property through foreclosure actions. Id. at 4-15. Plaintiffs filed suit in this Court on April 29, 2016, seeking $60,000,000,000 in gold and injunctive relief. Id. at 36, Attach. 1 at 21.

### Discussion

    Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

7012 3460 0001 7791 6947

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages.") (internal quotations omitted).

Plaintiffs name 46 different entities and individuals as Defendants, including the Commonwealth of Pennsylvania, the Governor of Pennsylvania, the First Judicial District of Philadelphia, the Court of Common Pleas of Philadelphia, the City of Philadelphia, Wells Fargo Bank, and a number of other state government officials, law firms, banks, and mortgage groups. Compl. 4-13. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). As Plaintiffs have not challenged any action by the United States, this Court lacks jurisdiction to entertain Plaintiffs' claims.

Plaintiffs rely on 16 statutes, as well as the Fourth, Fifth, Seventh, and Fourteenth Amendments. This Court has jurisdiction over takings claims pursuant to the Fifth Amendment, which requires compensation for property taken for public use. However, because Plaintiffs have not alleged that their property was taken for any public use, they have failed to state a takings claim upon which relief can be granted.

This Court lacks jurisdiction over claims brought under the Fourth and Seventh Amendments and under the due process clauses of the Fifth and Fourteenth Amendments. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); LaChance v. United States, 15 Cl.Ct. 127, 130 (1988); Abbas v. United States, 124 Fed. Cl. 46, 55-56 (2015). Plaintiffs invoke a number of criminal provisions of title 18 of the United States Code, the 1871 Civil Rights Act, and the Sherman Antitrust Act, but this Court lacks jurisdiction over such statutory claims. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (stating that this Court does not have jurisdiction over criminal matters); Buck v. United States, No. 11-209C, 2011 WL 2633624, at

\*3 (Fed. Cl. July 6, 2011) (finding that jurisdiction over civil rights claims lies exclusively in the district courts); Hufford v. United States, 87 Fed. Cl. 696, 703 (2009) (stating that jurisdiction over claims under the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, is vested solely in the district courts).

Finally, to the extent Plaintiffs purport to bring suit on behalf of the United States against the named Defendants, this Court lacks jurisdiction as qui tam suits may only be brought in the district courts. 31 U.S.C. § 3732(a) (2012); see also LeBlanc, 50 F.3d at 1031; Schweitzer v. United States, 82 Fed. Cl. 592, 595-96 (2008).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss this action.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge